UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KAREN MCAFEE,

       Plaintiff,                            Case No. 3:19-cv-125

vs.

COMMISSIONER OF SOCIAL SECURITY,     Magistrate Judge Michael J. Newman
                                              (Consent Case)
       Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE NON-DISABILITY FINDING AT ISSUE AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS MATTER TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

       This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 9),[1] and the record as a whole.

**I.**

**A.**      **Procedural History**

       In 2009, Plaintiff filed for DIB alleging a disability onset date of July 1, 2006.  PageID 157.  In that application, Plaintiff claimed disability as a result of a number of alleged impairments

---

[1] Hereafter, citations to the electronically filed record will refer only to the PageID number.

including, *inter alia*, a depressive disorder[2] and a generalized anxiety disorder.  PageID 49, 878, 1262.

After an initial denial of her application, Plaintiff received a hearing before ALJ Theodore Grippo on April 16, 2012.  PageID 64-90.  ALJ Grippo issued a written decision on August 17, 2012, finding Plaintiff not disabled.  PageID 46-57.  On appeal, ALJ Grippo's non-disability finding was affirmed by the Court.  *McAfee v. Colvin*, No. 3:14-CV-005, 2015 WL 350592 (S.D. Ohio Jan. 23, 2015), *report and recommendation adopted*, No. 3:14-CV-005, 2015 WL 796823 (S.D. Ohio Feb. 25, 2015).  Thereafter, while Plaintiff's appeal of that decision was pending in the Sixth Circuit, this Court granted the parties' motion for an indicative ruling under Fed. R. Civ. P. 62.1, and the case was remanded for further proceedings.  *McAfee*, No. 3:14-CV-005, ECF. No. 22 (S.D. Ohio May 22, 2015); *see also McAfee v. Comm'r of Soc. Sec.*, No. 15-3372 (6th Cir. July 8, 2015).

On this first remand, Plaintiff received a hearing before ALJ Elizabeth Motta on February 3, 2016.  PageID 902-31.  ALJ Motta issued a written decision on May 20, 2016 finding Plaintiff not disabled.  PageID 873-94.  Plaintiff appealed the non-disability finding, and this Court remanded the case to the Commissioner for further proceedings.[3]  *McAfee v. Berryhill*, No. 3:16-CV-372, 2017 WL 3404775, at *8 (S.D. Ohio Aug. 9, 2017), *report and recommendation adopted in part, rejected in part*, No. 3:16-CV-372, 2017 WL 4247978 (S.D. Ohio Sept. 25, 2017).

---

[2] The terms depressive disorder and affective disorder are used interchangeably throughout the record in this case.  *See Coleman v. Saul*, No. CV 18-0325-MU, 2019 WL 4576271, at *3 (S.D. Ala. Sept. 20, 2019) (finding "[t]he Court's review of a number of sources…confirms that the term 'affective disorder' does indeed encompass 'major depressive disorder,' with and without psychotic symptoms").

[3] Significantly, the Magistrate Judge -- based on the record existing three years ago -- recommended this case be remanded "for payment of benefits."  *McAfee v. Berryhill*, No. 3:16-CV-372, 2017 WL 3404775, at *8 (S.D. Ohio Aug. 9, 2017), *report and recommendation adopted in part, rejected in part*, No. 3:16-CV-372, 2017 WL 4247978 (S.D. Ohio Sept. 25, 2017).  The Commissioner, however, objected to such recommendation and, upon a *de novo* review, the District Judge sustained the Commissioner's objection and remanded this case to resolve "an issue of fact regarding the medical evidence." *McAfee*, No. 3:16-CV-372, 2017 WL 4247978, at *1 (S.D. Ohio Sept. 25, 2017).

On her second administrative remand, Plaintiff received a hearing before ALJ Gregory

Kenyon (hereafter, "ALJ") on November 6, 2018. PageID 1293-321. The ALJ issued a written

decision on January 28, 2019, finding Plaintiff not disabled. PageID 1256-82. Specifically, the

ALJ determined that Plaintiff retained the RFC:

> [T]o perform a full range of work … subject to the following
> non[]exertional limitations:[4] (1) no climbing of ladders, ropes, or
> scaffolds; (2) no work around hazards such as unprotected heights
> or dangerous machinery; (3) limited to performing unskilled,
> simple, repetitive tasks; (4) no more than occasional contact with
> co-workers and supervisors; (5) no public contact; (6) no duties
> involving teamwork or tandem tasks; (7) no close ('over-the-
> shoulder') supervision; (8) no fast-paced production work or jobs
> involving strict production quotas; [and] (9) limited to performing
> jobs involving very little, if any, change in duties or work routine
> from one day to the next.

PageID 1277. At Step Five, the ALJ concluded that, based on her RFC, "there were jobs that

existed in significant numbers in the national economy that [Plaintiff] could have performed." *Id.*

Thereafter, because no exceptions were filed, and the Appeals Council did not otherwise assume

jurisdiction, the ALJ's non-disability finding became the final administrative decision of the

Commissioner. 20 C.F.R. § 404.984(d); *Bray v. Chater*, No. 96-5226, 1996 WL 549773, at *1

(6th Cir. Sept. 26, 1996). It is this decision which is now before the Court for review. *See* PageID

157.

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1256-82),

Plaintiff's Statement of Errors (PageID 2154-82), the Commissioner's memorandum in opposition

---

[4] Nonexertional limitations affect an individual's "ability to meet the demands jobs other than the strength demands…" 20 C.F.R. § 404.969(c)(1). Some examples of nonexertional limitations include difficulty functioning due to nervousness, anxiousness, or depression, difficulty maintaining attention or concentrating, and difficulty understanding or remembering detailed instructions. 20 C.F.R. § 404.969(c)(1)(i)-(iii).

(PageID 2187-207), and Plaintiff's reply (PageID 2208-16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, in which she raises ten arguments on appeal, Plaintiff contends, among other arguments, that the ALJ erred by failing to: (1) abide by this Court's prior Remand Order; (2) properly evaluate the opinion of treating psychiatrist Vicky Moody, D.O. in accordance with Social Security regulations (including using Global Assessment of Functioning ("GAF") scores to discredit Dr. Moody's opinion); (3) make reasonable and supported findings regarding

her activities of daily living and efforts to obtain employment; (4) apply the five-step sequential evaluation process to the medical evidence and testimony at issue; and (5) give appropriate consideration to the testimony by the Vocational Expert ("VE").  PageID 2165-78.  This last argument is dispositive.

At Step Five, the burden shifts to the ALJ to demonstrate that Plaintiff can perform a significant number of jobs in the national economy.  20 C.F.R. § 404.920(b)-(g); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003) (the claimant bears the burden of proof through Step Four; at Step Five, the burden shifts to the Commissioner).  The Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted).  In formulating the RFC, the ALJ need incorporate only those limitations that he or she accepts as credible.  *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the RFC determined by the ALJ precludes "close ('over-the-shoulder') supervision" and prohibits Plaintiff from engaging in "teamwork or tandem tasks."  PageID 1277.  At the administrative hearing, the ALJ posed hypotheticals to the VE about the types of jobs available to such an individual. PageID 1317.  According to the VE, such an individual could perform 270,000 jobs in the national economy, such as a mold stripper, hand packager, and box bender. PageID 1316-17.

On cross-examination, the VE clarified that these unskilled jobs do, however, require some type of training or probationary period, where "certainly there would be close proximity to a fellow worker in the days of training for a position."  PageID 1319.  The VE conceded, after additional questioning under oath, that an individual (such as Plaintiff) who could not withstand any close,

6

over-the-shoulder supervision would not be able to complete the probationary period of these types of jobs. *Id.* Accordingly, on this basis alone, the Court finds the ALJ's non-disability finding unsupported by substantial evidence. *See, e.g.*, *McLaughlin v. Comm'r of Soc. Sec.*, No. 3:17-CV-424, 2019 WL 125761, at *3 (S.D. Ohio Jan. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-424, 2019 WL 1902749 (S.D. Ohio Apr. 29, 2019) (finding that the ALJ's non-disability finding was unsupported by substantial evidence where the VE testified that Plaintiff's RFC precluded completion of the probationary period). Further, because an individual with Plaintiff's RFC could not perform jobs that exist in the national economy, the "record adequately establishes Plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also id.*

Even assuming, *arguendo*, that ambiguity existed with regard to the VE's testimony -- which it does not -- Plaintiff is nevertheless entitled to an immediate award of benefits because evidence of her disability is strong and contrary evidence is weak. *Accord Faucher,* at *id.* First, the medical opinions of evidence strongly support a disability finding in this instance. *See LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013) (finding a treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record"). Here, Plaintiff's treating psychiatrist Dr. Moody opined that Plaintiff has a "pattern of decompensating quickly under stress and becoming incapable of functioning even at a basic level of self[-]care[,]" and such pattern "indicates an inability to maintain normal mood [and] functioning on a sustained basis [that] would make it difficult to maintain employment." PageID 662-63. Additionally, treating psychiatrist E.C. Longo, III, M.D. -- who did not provide an treating source opinion -- states in his treatment notes that Plaintiff is "easily undone and is unable to work." PageID 838. He further opined that "she gets very moody and anxious when asked to do

new tasks, meet others' expectations, and meet new people, [evidencing] three strikes against ready employability." *Id.*

Next, the conclusions of Plaintiff's treaters are supported by her objective medical records, which provide strong support of disability. More specifically, Plaintiff's treatment notes indicate a long history -- dating back to 2006 -- of increases in her symptoms and decreases in her ability to function due to her impairments. PageID 328-31, 336-337, 348, 398, 404-06, 417-18, 472-73, 489, 519, 525, 527, 531, 533, 537, 576, 580, 622, 667, 740, 744, 746-47, 756, 773, 785-86, 794, 850. In addition, Plaintiff was hospitalized following severe symptoms related to "recurrent major depression" (PageID 313-17); she was taken to the emergency room later that same month for treatment of severe distress, anxiety, and agitation (PageID 311-12); shortly thereafter she was admitted to the hospital because of suicidal ideations (PageID 298-308); and she was later hospitalized following a panic attack (PageID 783-815).

Finally, the Court notes the unusual circumstances of this case: its age -- more than 10 years old -- together with three unsound ALJ decisions, some of which the Commissioner conceded included error requiring reversal. Given these circumstances and the strong, uncontroverted evidence of record in support of a finding of disability, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding a Social Security disability appeal for an immediate award of benefits after two remands and three administrative hearings); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight-year-old case to the Secretary for further review").

**IV.**

For the foregoing reasons: (1) the ALJ's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**


Date:  September 29, 2020                              s/Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge